**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY E. PORTER,<br>Petitioner,<br>v.<br>DEVON BROWN et al.,<br>Respondents. | Civil Action<br>No. 04-4415 (RBK)<br>**O P I N I O N** |

**APPEARANCES:**

ANTHONY E. PORTER
#253983/499026B
New Jersey State Prison
Trenton, New Jersey 08625
Petitioner Pro Se

ROBERT D. BERNARDI, Burlington County Prosecutor
CAROL LEE TAND, DEBORAH ANN SIEGRIST, Assistant Prosecutors
New Courts Facility
Mount Holly, New Jersey 08060
Attorneys for Respondents

**ROBERT B. KUGLER, United States District Judge**

On September 7, 2004, Petitioner ANTHONY E. PORTER (hereinafter "Petitioner") filed a petition (hereinafter "Petition") for a Writ of Habeas Corpus challenging his conviction pursuant to 28 U.S.C. § 2254(a). On April 18, 2005, Respondents filed an answer (hereinafter "Answer") seeking dismissal of the Petition on merits. On June 11, 2005, Petitioner filed his

"Objections to the Answer" (hereinafter "Traverse").

For the reasons expressed below, the Court dismisses the Petition and declines to issue a certificate of appealability.

## BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Burlington County, on July 16, 1993, after a jury found him guilty of felony-murder, reckless manslaughter, robbery, aggravated sexual assault, burglary, two counts of thefts and attempted escape.[1] See Pet. ¶¶ 1-4, Ans. ¶ 4. Petitioner was sentenced to life imprisonment with a 30-year period of parole ineligibility. See id. ¶ 3, Ans. ¶ 3. Petitioner appealed, and on December 5, 1996, the Superior Court of New Jersey, Appellate Division, reversed Petitioner's conviction with respect to the charge of attempted escape, vacated one of the two

---

1 The brutal facts of Petitioner's underlying criminal offense are of little relevance to the issues at bar, and it would suffice to summarize the key facts as follows: after their attempt to free an inmate from a prison, Petitioner and his acquaintance fled the scene and, during their escape, stopped to burglarize the home of the victim, an elderly woman. See State v. Porter, A-776-00T4, at *4-6 (N.J. Super. App. Div. Oct. 24, 2003). During the burglary, Petitioner and his acquaintance robbed, jointly sexually assaulted and then smothered the victim causing the victim's death. Id. After disposing of the victim's body in the wooden area, Petitioner and his acquaintance bragged about the events of the crime to numerous people and asked a few of these people to falsely testify for Petitioner and his acquaintance so Petitioner and his acquaintance would get alibis. Id. at 6-9. Petitioner and his acquaintance were tried, convicted and sentenced separately. Id.

theft counts, merged the remaining theft count with the robbery-related one and affirmed the rest of Petitioner's conviction in all other respects. See Ans., Ex. Ra50. The New Jersey Supreme Court denied Petitioner's petition for certification on February 25, 1997. See Pet. ¶ 9, Ans. ¶ 9.

Petitioner also filed two petitions for post-conviction relief. The first petition was denied by the Superior Court of New Jersey on July 28, 2000,[2] see Pet. ¶ 11, Ans. ¶ 10, and the Appellate Division affirmed that denial on October 24, 2003. See Pet. ¶ 11, Ans. ¶ 11.

On September 7, 2004, Petitioner executed the instant § 2254 Petition. See Docket Entry No. 1. The Clerk received it on September 14, 2004, with Petitioner's affidavit of poverty in support of his application to proceed in forma pauperis. See id. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act, and gave Petitioner an opportunity to withdraw the Petition and file one all-inclusive Petition pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Docket Entry No. 2.

In his Petition, Petitioner raises four grounds in support of

[2] Neither Petitioner nor Respondents provide this Court with sufficient information about Petitioner's second petitions for post-conviction relief. See Pet. ¶ 11, Ans. ¶ 11. However, Petitioner's second petitions for post-conviction relief is of not consequence to the case at bar since it was limited to the issues already addressed during Petitioner's direct appeal and his first post-conviction relief proceedings.

his § 2254 application:

(I) "Ineffective assistance of trial and appellate counsel: failure to call on/or interview alibi witness [by the trial counsel, and] appellate counsel's failure to submit Petitioner's pro se brief." Pet. ¶ 12.

(II) "Ineffective assistance of trial and appellate counsel: failure to challenge the DNA testing." Id.

(III) "Ineffective assistance of trial and appellate counsel: failure to challenge the inconsistent verdicts." Id.

(IV) "Ineffective assistance of trial and appellate counsel: failure to seek the accomplice liability charge [plus Petitioner's] trial court[] fail[ure] to provide the jury with an accomplice liability instruction [sua sponte]." Id.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the Constitution, laws or treaties of the United States. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 2©)). The petition must "specify all the grounds for relief which are available to the petitioner," and set forth "the facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing Section 2254 Cases.

Significantly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it does not assert a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[3] "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to

[3] Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). A district court is not permitted to transform a ground asserting a violation of state law into a ground raising a violation of the federal Constitution.[4] Nor may the court consider a federal claim that can be discerned from the facts of the case but is not asserted in the petition as a ground.[5]

Furthermore, in its examination of a claim, a district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).

---

[4] See also Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir.), cert. denied, 513 U.S. 881 (1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[5] See also Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002); see also 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence").

Where a federal claim was "adjudicated on the merits" in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*.

28 U.S.C. § 2254(d) (emphasis supplied).[6]

---

[6] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247. However, if an examination of a state court opinion reveals that the state court did not decide a federal claim on the merits, the standards of review set out in § 2254(d)(1) do not apply. Id. at 248.

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of the [Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; therefore, an application may be incorrect yet still not unreasonable. Id. at 409-10.

Lastly, if the petitioner did not present certain ground (hereinafter "Unexhausted Grounds") to the New Jersey courts on direct appeal or in his petition for post conviction relief and the claim is not exhausted, this Court will not dismiss the petition as a mixed petition if none of these Unexhausted Grounds presents a colorable federal claim. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); Lambert v.

Blackwell, 134 F.3d 506, 515 (3d Cir. 1997) (district court may deny an unexhausted petition on the merits under § 2254(b)(2) "if it is perfectly clear that the applicant does not raise even a colorable federal claim").

**DISCUSSION**

**A. Claims Alleging Ineffective Assistance of Counsel**

In all his Grounds, Petitioner alleges that he was deprived of effective assistance of counsel, either during his trial or during his direct appeal, in violation of Petitioner's Sixth Amendment rights.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. See Strickland, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A

convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. See id. In other words, Petitioner shall state a claim sufficient enough to rebut the presumption of his counsel's competence by proving that Petitioner's representation was: (a) unreasonable under the prevailing professional norms; and (b) not a sound strategy. See Kimmelman v. Morrison, 477 U.S. 365 (1986). Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

Finally, since the Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396, the ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

It shall be noted, however that, while defense counsel has a constitutionally imposed duty to consult with the defendant about whether to appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing," Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The term "'consult' convey[s] a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes," Flores-Ortega at 478, "it is a well established principle that counsel decides which issues to pursue on appeal," Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996), and the appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).

**B. Petitioner's Ground One Claims**

In his Ground One, Petitioner asserts that he was provided with an "[i]neffective assistance of trial and appellate counsel [because of the] failure to call on/or interview alibi witness [by

the trial counsel, and because of the] appellate counsel's failure to submit Petitioner's pro se brief." Pet. ¶ 12. Petitioner's Petition clarifies that

> [t]he alibi witness would've testifies that Petitioner was not involved.[7] Also, Petitioner supplied documents that would have supported his issues and[,] because [Petitioner's] pro[]se brief was never submitted, . . . the[se] issues . . . were never added to the record or heard.

Id. In his Traverse, Petitioner relies on Kimmelman v. Morrison, 477 U.S. 365 (1986), Evitts v. Lucey, 469 U.S. 387 (1985), and McMann v. Richardson, 397 U.S. 759 (1970),[8] in support of Petitioner's Ground One claims. See Traverse at 22-28.

The issue of testimony of the alibi witness, Mrs. Hazel Lightcap (hereinafter "Witness"), was examined under the Strickland test by Petitioner's post-conviction relief court and the Superior Court of New Jersey, Appellate Division, and found without merit. Specifically, Petitioner's post-conviction relief court concluded that

> there [was] no prima facie showing that [the Witness] kn[ew] anything about [the events at issue] or that [the Witness] could have been helpful or . . . able to provide a [viable] alibi. [Petitioner's] general statement that

---

[7] The Court presumes that Petitioner wished to state "[t]he alibi witness would've testifies that Petitioner was not involved in the activities on which Petitioner's conviction was based."

[8] Petitioner also relies on various cases state cases and federal court of appeals cases having no relevance to the case at bar under the standard of review as explained supra in this Opinion.

> there's [the Witness but Petitioner's] trial lawyer didn't talk to her enough and[,] even though her name was on the witness list[,] he never called her, there's nothing that takes it beyond that to show that not bringing [the Witness] around was . . . some kind of substandard performance on the part of any lawyer, nor that if she had been interviewed [more extensively] or that she had been brought in that it could possible have made any difference in the case [in view of the overwhelming evidence against Petitioner].

Ans., Ex. 18T11-14 to 12-17. The New Jersey Appellate Division affirmed this finding and similarly concluded that,

> [i]n light of [Petitioner]'s inculpatory statements to various individuals placing himself at the crime scene and describing his participation in the events, [and] the testimony of two witnesses that [Petitioner] attempted to induce them to provide false alibi testimony [for Petitioner], and [Petitioner]'s possession of items stolen from the victim, there was no unprofessional error in failing to pursue or call [the Witness] as an alibi witness and, even if there was, it would not have changed the outcome. Further, [Petitioner] produced no affidavit from his trial counsel that he did not interview [the Witness], nor did he produce an affidavit from [the Witness] setting forth what her testimony would have been.[9]

---

[9] Petitioner, in his apparent bid to respond to the Appellate Division's finding that his Ground One assertions were without merit in view of lack of affidavit from the Witness, attached to his Traverse a "To Whom It May Concern" statement from the Witness dated May 28, 2005. Petitioner, however, cannot rely on any other instrument but Petitioner's pleading to set forth all relevant claims and facts. <u>See</u> <u>Mayle v. Felix</u>, 125 S. Ct. 2562, 2566, 2570 (2005).

> Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a . . . detailed statement. The habeas rule instructs the petitioner . . . to "state the facts supporting each ground." . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show

(continued...)

Ans., Ex. Ra715.

Since these findings are neither contrary to the Supreme Court's holding in Strickland nor rendered on the basis of the set of facts that are materially indistinguishable from a decision of the Supreme Court but led to a different result, the decision of the State courts in Petitioner's case should be affirmed. See Rompilla, 355 F.3d at 250 (quoting Williams, 529 U.S. at 405-06); cf. United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989) (noting that, to succeed on claim alleging a failure of counsel to investigate potential witnesses, petitioner must show how their

---

[9](...continued)
> cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that [answer] must "address [only] the allegations in the petition." Rule 5.

Id. Any instrument other than pleadings, be it a traverse or motion for reconsideration, or an exhibit attached to such submissions, is *not* a proper vehicle to set forth Petitioner's claims and facts. See id. Moreover, the very facts of execution of the statement by the Witness contradicts Petitioner's claims that such statement was not attainable by Petitioner during Petitioner's appellate and post-conviction relief proceedings. Finally, since the Witness' statement unambiguously indicates that (a) the Witness and her husband were requested to attend the court by Petitioner's trial attorney, (b) notified by the attorney that the Witness and her husband "would [be] need[ed] a[s] witnesses," and (c) "had to sit outside the courtroom for . . . 3 days," it appears that Petitioner's trial counsel intended to call the Witness but, due to the dynamics of the trial, made a strategic choice not to do so, thus acting within the parameters expressly permitted by the Strickland test.

testimony would have been favorable and material); see also United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982).

Petitioner's reliance of Kimmelman, 477 U.S. 365, Evitts, 469 U.S. 387, and McMann, 397 U.S. 759, is misplaced since none of these cases is relevant to the issues at bar. In Kimmelman, the Supreme Court determined that the legal assistance was constitutionally deficient when the attorney objected to the introduction of evidence seized without a search warrant long after the deadline for such objection expired. See Kimmelman, 477 U.S. 365. The Supreme Court reasoned that a failure to act timely could not be justified by strategic considerations. See id.

In Evitts, the Supreme Court found that a petitioner had not received a fair legal assistance when the petitioner's counsel failed to file a statement of appeal that was unconditionally required under the procedural rules (causing dismissal of the appeal) See Evitts, 469 U.S. 387. The Supreme Court similarly reasoned that a failure to file a procedurally mandated document could not be justified by strategic considerations. See id.

Finally, in McMann, 397 U.S. 759, the Supreme Court examined the issue of legal assistance within the framework of a guilty plea and held that prisoners were bound by their pleas and convictions unless they alleged and proved incompetence of counsel sufficient to establish that the pleas were not knowingly and intelligently made. Since the case at bar involves neither a plea issue nor a

failure to obey express procedural rules or express time frames, the cases cited by Petitioner are inapposite to the issues at bar. Since it appears that Petitioner's counsel decision not to call the Witness was a reasonable exercise of legal strategy, Petitioner's Ground One claims should be dismissed.[10] See Bell v. Cone, 535 U.S. 685 (2002) (holding that an attorney's decision not to call any witnesses or make any closing argument on behalf of his client was a strategic choice and did not indicate ineffective assistance).

**B. Petitioner's Ground Two Claims**

In his Ground Two, Petitioner asserts that his trial and appellate counsel were ineffective because of their "failure to challenge the DNA testimony." Pet. ¶ 12. Specifically, Petitioner

---

[10] Petitioner's claim that his Sixth Amendment rights were violated when his "appellate counsel's fail[ed] to submit Petitioner's pro se brief" are not addressed in this Opinion since neither the Sixth Amendment nor the holding of Strickland or its progeny indicates that the term "effective legal assistance" implies any mailing obligations on the part of counsel rather than legal advice. Petitioner's Petition and Traverse are silent as to: (a) why Petitioner could not submit his pro se brief to the state court on Petitioner's own, (b) any allegations that Petitioner's appellate counsel prevented Petitioner from filing Petitioner's pro se brief, and (c) what "issues" raised in Petitioner's brief were "never added to the record or heard," and how these "issues" could have affected the outcome of Petitioner's appeal. See Pet. ¶ 12. Therefore, this part of Petitioner's Ground One claim is subject to dismissal for failure to state any pertinent facts. See Rule 2(c) of the Rules Governing Section 2254 Cases (stating that the petition must "specify all the grounds for relief which are available to the petitioner," and set forth "the facts supporting each of the grounds thus specified").

alleges that "the DNA testimony was confusing and misleading" because (a) there were "multiple defendants" involved in the offence,[11] and (b) the DNA tested did not match Petitioner.[12] Id.

Petitioner could not have been prejudiced, within the meaning of the second prong of the Strickland test, by any testimony *lending credence to Petitioner's defense*, in this case, by the testimony verifying that Petitioner's DNA did *not* match the DNAs determined as a result of the test. Therefore, Respondents are correct in pointing out that "[P]etitioner was not prejudiced [because] the jury heard the testimony that petitioner was not scientifically linked to the crimes." Ans. at 60.

Petitioner disagrees with Respondents' argument basing his disagreement on Petitioner's conclusion that, had the DNA testimony been contested, "[P]etitioner [w]ould have at least been cleared of Felony[-]Murder - Aggravated Sexual Assault [charges], and [thus, Petitioner's] counsel should have requested [an] independent test." Traverse at 53-54. Petitioner' conclusion compares apples and

---

11 This Court presumes that Petitioner's usage of the term "multiple defendants" refers to the fact that the victim was raped by both Petitioner and his acquaintance, since Petitioner was the sole defendant during his trial. See State v. Porter, A-776-00T4, at *4-6 (N.J. Super. App. Div. Oct. 24, 2003).

12 Although Petitioner failed to raise this claim to the state courts, this Court can still render its decision with respect to Petitioner's Ground Two since these allegations do not present a colorable federal claim. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 134 F.3d at 515.

oranges. With or without any other testing/legal contest of the DNA testimony provided, Petitioner could not have fared any better with respect to the DNA issue than under the State's test, since the State's test provided Petitioner with the most favorable evidence. The fact that the jury chose to believe other evidence and convict petitioner cannot indicate that Petitioner's counsel was ineffective by allowing a testimony favorable to Petitioner's interest, and Petitioner cannot create either an "unsound legal judgement" or a "prejudice to Petitioner" out of Petitioner's unwarranted disappointment with (a) Petitioner's counsel inability to win the case on the basis of a single exculpatory fact while facing overwhelmingly inculpatory evidence, or (b) Petitioner's appellate counsel decision not to attack this exculpatory fact in Petitioner's appeal. Therefore, Petitioner's Ground Two has no merit and should be dismissed.

**C. <u>Petitioner's Ground Three Claims</u>**

In his Ground Three, Petitioner asserts that his trial and appellate counsel were ineffective because they failed to challenge Petitioner's "inconsistent" verdicts.[13] See Pet. ¶ 12.

---

[13] Although Petitioner did not raise this issue during Petitioner's appeal and post-conviction relief proceedings, this Court can still render its decision with respect to Petitioner's Ground Three since these allegations does not present a colorable federal claim. See 28 U.S.C. § 2254(b)(2); Lambert, 134 F.3d at (continued...)

Petitioner's Petition clarifies that, in Petitioner's opinion, "[t]he jury returned two different verdicts for one crime [since] the jury was instructed on the charges of felony-murder and the underlying felonies. [The verdicts] were also inconsistent [with] the lesser included offenses of aggravated and reckless manslaughter."[14] Id. While Petitioner's Petition and Traverse do not clarify what particular inconsistency Petitioner has in mind, it appears that Petitioner either (a) finds a felony-murder conviction incompatible with convictions based on reckless manslaughter, robbery, aggravated sexual assault or burglary, or (b) believes that the charge of aggravated/reckless manslaughter has to be a lesser-included offense for the purposes of a felony-murder charge.

Petitioner errs. Petitioner was found guilty on the charges of felony-murder, reckless manslaughter, robbery, aggravated sexual

---

[13](...continued) 515.

[14] Petitioner's Traverse further states that, "[b]ecause[] there is no way of knowing[] why the jurors reached the verdicts[] they reach[ed,] Petitioner was prejudiced[] and received ineffective assistance of counsel." Traverse at 47, 50. This contention appears to be similar to Petitioner's claim addressed supra, see this Opinion, pages 17-18, since Petitioner tends to equate the fact that he was convicted on various charges with ineffectiveness of his counsel. However, effectiveness of legal assistance is *not* related in any way to the issue of whether the defendant was convicted at all or convicted on certain charges. See Strickland, 466 U.S. at 686, 695; see also Salaam v. Brown, 2006 U.S. Dist. LEXIS 49848, at 35-38 (D.N.J. July 21, 2005) (dismissing claims where the petitioner alleged ineffective legal assistance on the basis of the fact that Petitioner was convicted).

assault and burglary. See Pet. ¶¶ 1-4, Ans. ¶¶ 4, 11. The felony-murder statute, N.J.S.A. 2C:11-3a(3), provides that a "criminal homicide constitutes murder when . . . the actor is engaged in the commission of . . . or attempting to commit robbery, sexual assault, [or] burglary, . . . , and in the course of such crime . . . , any person causes the death of a person other than one of the participants . . . ." Since the statute (a) expressly predicates the murder conviction on commission of the very crimes that Petitioner was found guilty of, that is, robbery, aggravated sexual assault and burglary; and (b) expressly omits any references to the crime of manslaughter, the statutory language of the felony-murder statute (a) *allows* Petitioner's jury to find Petitioner guilty on the charges of felony-murder *only* if the jury can reach a guilty verdict with respect to robbery, aggravated sexual assault or burglary, and (b) *prevents* Petitioner's jury from finding that Petitioner's felony-murder offense encompassed Petitioner's aggravated/reckless manslaughter, even though Petitioner was responsible for the death of "only" one victim. Acting in compliance with the mandate of N.J.S.A. 2C:11-3a(3), Petitioner's jury found Petitioner guilty of felony-murder on the basis of predicated offenses of burglary, robbery and sexual assault,[15] see

---

[15] Respondents correctly note that, under United States v. Powell, 469 U.S. 57 (1984), inconsistent verdicts cannot be equated with either wrongful or illegal ones. See Ans. at 62. This Court, (continued...)

Ans., Ex. Ra44, Ra45-48, 17T24-1 to 25-24, and--separately--of manslaughter, the offense governed by N.J.S.A. 2C:11-4b(1).[16] See id. Since the verdicts reached by Petitioner's jury were not inconsistent or contradictory in any way, Petitioner's assertions that his trial and appellate counsel were ineffective for failing to label consistent verdicts "inconsistent" cannot meet the Strickland test: such challenge by Petitioner's trial and appellate counsel would be meritless and, perhaps, even frivolous. See Strickland v. Washington, 466 U.S. at 687-90.

### C. **Petitioner's Ground Four Claims**

Finally, in his Ground Four, Petitioner assets that (a) his trial and appellate counsel did not provide Petitioner with effective assistance because they failed to seek the accomplice

---

[15](...continued) however, does not need to reach this issue since the language of N.J.S.A. 2C:11-3a(3) and N.J.S.A. 2C:11-4b(1), read either separately or in conjunction, renders the verdicts actually reached in Petitioner's case consistent.

[16] It appears that Petitioner is confused about the nature of conviction for a crime and a sentence imposed, since it is common to merge different death-related counts *for the purpose of sentencing* if the crimes caused death of one victim. This sentencing practice, however, is not at issue in Petitioner's case, since Petitioner's sentencing court sentenced Petitioner to life imprisonment (with 30 years of parole ineligibility) for the crime of felony-murder (predicated on the sexual assault), *and merged all other death-related counts with this life sentence*. (Petitioner's sentences based on all other offenses unrelated to the victim's death were imposed to run concurrently with the life sentence.)

liability charge,[17] see Pet. ¶ 12, and (b) Petitioner's trial court erred by not providing Petitioner's jury with the accomplice liability instructions sua sponte.[18] See id.

---

17 Since Petitioner's appellate counsel could not possibly seek any jury charge, this Court presumes that Petitioner intended to assert that his appellate counsel was ineffective by failing to challenge the trial counsel's decision not to seek the charge.

18 This Court notes that this issue was determined to be procedurally barred by the Appellate Division. Petitioner could, but did not, raise this issue during his direct appeal, thus causing the procedural bar. Under Rule 3:22-2, post-conviction relief is available to a defendant on four grounds: (a) substantial denial in the conviction proceedings of a defendant's rights under the federal constitution, state constitution or state law; (b) lack of jurisdiction by the court imposing sentence; (c) imposition of an improper sentence; and (d) any other habeas corpus, common-law or statutory grounds for a collateral attack. See R. 3:22-2. Since post-conviction relief is a safeguard that ensures that a defendant was not unjustly convicted; it is the state analogue to the federal writ of habeas corpus, see State v. Preciose, 129 N.J. 451, 459 (1992), post-conviction relief provides a defendant with a means to challenge the legality of a sentence or final judgment of conviction which could not have been raised on direct appeal. See In re Santiago, 104 N.J. Super. 110, 115 (Law Div. 1968), aff'd o.b., 107 N.J. Super. 243 (App. Div.1969). By failing to raise an issue resolvable during his direct appeal, petitioner risks barring himself from a post-conviction relief with respect to this issue, thus preventing state exhaustion and precluding federal habeas review. To avoid the bar and demonstrate cause for a procedural default, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, Petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards, 529 U.S. at 451; Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of (continued...)

Petitioner Ground Four claims are without merit since questions relating to jury charges are normally matters of state law and not cognizable in federal habeas review. See Engle v. Isaac, 456 U.S. 107 (1982); Henderson v. Kibbe, 431 U.S. 145 (1977); Zettlemoyer v. Fulcomer, 923 F.2d 284, 309 (3d Cir.), cert. denied, 502 U.S. 902 (1991); Grecco v. O'Lone, 661 F. Supp. 408, 412 (D.N.J. 1987). Only where the jury instruction, as given, is "so prejudicial as to amount to a violation of due process and fundamental fairness will a habeas corpus claim lie." Id. "The fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." Estelle, 502 U.S. at 71-72. Rather, the district court must consider "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' . . . not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" Henderson, 431 U.S. at 154 (quoting Cupp

---

[18](...continued)
justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence, however, means factual innocence, not legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623 (1998). To establish actual innocence, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him on the basis of evidence presented. See Schlup v. Delo, 513 U.S. 298, 326 (1995); Werts, 228 F.3d at 193. While Petitioner's application is silent as to any facts that could be qualified as valid excuse overcoming the procedural bar, this Court nonetheless addresses the issue since the matter does not present a colorable federal claim.

v. Naughten, 414 U.S. 141, 146-47 (1973)). Moreover, "the burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state's court judgment is even greater than the showing required to establish plain error on direct appeal," id., and challenge to his jury instructions based on omission of a "lesser-included offense" are subject to even more rigid scrutiny.

In Beck v. Alabama, 447 U.S. 625, 635 (1980), the Supreme Court held that, in a capital case, a trial court must give a requested charge on a lesser included offense where it is supported by the evidence. See 447 U.S. at 635; Gilmore v. Taylor, 508 U.S. 333, 360 (1993). The Supreme Court, however, left open the question of whether instructions on lesser included offenses were required in non-capital cases. See id. Later on, the Third Circuit (a) held that trial courts should charge a lesser included offense if the jury could convict a defendant of a crime more serious than the jury believes the defendant actually committed (because the jury believes the defendant had some degree of involvement in the offense and, thus, should not be set free), see Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988) (citing Keeble v. United States, 412 U.S. at 212-13), but (b) observed that, since it is unclear whether due process requires instruction on a lesser included offense in non-capital cases, the federal court should conduct its analysis with the relevant state law in

mind. See Geschwendt v. Ryan, 967 F.2d 877, 884 n. 13 (relying on Schad v. Arizona, 501 U.S. 624 (1991)), cert. denied, 506 U.S. 977 (1992).

New Jersey law, similarly to the holding of Beck v. Alabama, 447 U.S. at 635, provides that an instruction as to a lesser offense is warranted only where the facts provide a rational basis for such a conviction. See N.J.S.A. 2C:1-8(e) ("the court shall not charge the jury with respect to a lesser included offense unless there is a rational basis for a verdict convicting the defendant of the lesser included offense"); State v. Choice, 98 N.J. 295, 298-99, 486 A.2d 833 (1985). Hence, a charge on a lesser included offense cannot be given where it would invite the jury to engage in sheer speculation, see State v. Mendez, 252 N.J. Super. 155, 159, 599 A.2d 565 (App. Div. 1991), certif. denied, 127 N.J. 560 (1992); and a federal court need not determine whether or not due process required a charge on a lesser included offense in non-capital cases if the evidence presented at trial clearly supported the charge that was actually given.[19] See Khalif v. Hendricks, 2005 WL 2397227 *20 (D.N.J. Sep. 28, 2005) (quoting

[19] Therefore, a habeas petitioner who challenges state jury instructions must "demonstrate that the jury instructions deprived him of a defense which federal law provided to him." Johnson, 117 F.3d at 110. Federal district courts simply do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it." Id.; see also Geschwendt, 967 F.2d at 888-90.

Kontakis v. Beyer, 19 F.3d 110, 118 (3d Cir. 1994). The decision of the trial court not to give certain instructions should be constitutionally upheld unless “the facts 'clearly indicate' the appropriateness of” an unrequested charge, since a “trial court does not . . . have the obligation on its own meticulously to sift through the entire record in every murder trial to see if some combination of facts and inferences might rationally sustain a manslaughter charge.” Choice, 93 N.J. at 299 (quoting State v. Mauricio, 117 N.J. 402, 568 A.2d 879 (1990)).

Finally, the trial court’s decision not to instruct is even less likely to give rise to a viable habeas claim than an erroneously given instruction. “An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Kibbe, 431 U.S. at 155. “The significance of the omission of such an instruction [should] be evaluated by comparison with the instructions that were given,” id., in order to establish whether the omission was but a harmless error. See Neder, 527 U.S. at 8-11; Smith, 120 F.3d at 416-17.

In the case at bar, the state's theory was predicated on Petitioner acting as the principal offender, Petitioner was tried alone, and the evidence presented overwhelmingly indicated Petitioner's culpability as the principal. See State v. Porter, A-776-00T4 (N.J. Super. App. Div. Oct. 24, 2003); State v. Porter, A-1244-94T2 (N.J. Super. App. Div. Dec. 5, 1996). In view of the

evidence presented during Petitioner's criminal trial, this Court finds that it was entirely proper and reasonable for Petitioner's trial Court not to instruct Petitioner's jury on the lesser included offenses. Analogously, failure to request instructions on the lesser included offenses cannot render legal assistance constitutionally ineffective if the trial evidence could not provide Petitioner's trial counsel with a rational basis for the lesser included offense charge, since Petitioner's trial "attorney cannot have been ineffective for failing to request an instruction that was [effectively] unavailable" in view of the evidence presented. Carpenter v. Vaughn, 296 F.3d 138, 153 (3d Cir. 2002).

Therefore, the actions of Petitioner's trial counsel and Petitioner's trial court were reasonable with respect to their decisions not to seek or not provide sua sponte the accomplice liability charge. The Court has thoroughly reviewed each of the claims raised in the Petition and determined that habeas relief is not warranted. The Court will therefore dismiss the Petition.

**Certificate of Appealability**

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)2). See Miller-El v. Cockrell, 123 S.Ct. 1029 (2003).

## CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus and denies a certificate of appealability.

S/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

Dated: September 12, 2006